**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

DONALD MAURICE CARMON,
  *Defendant-Appellant.*

No. 00-4451

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Henry C. Morgan, Jr., District Judge.
(CR-98-48)

Submitted: December 12, 2000

Decided: January 9, 2001

Before WILKINS, LUTTIG, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Douglas J. Walter, MCDERMOTT & ROE, Hampton, Virginia, for Appellant. Helen F. Fahey, United States Attorney, James Ashford Metcalfe, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Donald Maurice Carmon appeals the revocation of his supervised release term and the district court's imposition of a one month prison sentence and a term of supervised release of eleven months. Carmon raises two issues on appeal: (1) he should be allowed a new hearing because his probation officer allegedly sent him to the wrong court building, causing Carmon to arrive late for the supervised release revocation hearing and allegedly preventing Carmon from informing counsel prior to the hearing that he desired a continuance to obtain certain impeachment material against one of the government's witnesses; and (2) the evidence was insufficient to support the district court's finding that Carmon violated the terms of his supervised release.

As Carmon concedes in his informal brief, the law is well established that this court will not consider on appeal issues not first presented in the district court, absent plain error or where the refusal to consider the issue would result in a fundamental miscarriage of justice. *Muth v. United States*, 1 F.3d 246, 250 (4th Cir. 1993). Carmon alleges that he seeks to raise the issue of a new hearing in the first instance before this court because he was not afforded an opportunity to raise the issue at his supervised release violation hearing. We disagree.

We have reviewed the record and find that, even assuming Carmon was instructed to go to the wrong courthouse by his probation officer, he did arrive at the proper venue before his hearing substantively began, and there was ample opportunity for him to confer with counsel and address the district court regarding his wish to present impeachment evidence. Moreover, given the testimony of an independent and unchallenged witness regarding Carmon's role in the assault and battery, which alone would support a finding that Carmon violated the terms of his supervised release, the impeachment evidence Carmon sought to obtain against another witness would not have changed the ultimate disposition of the case. Because Carmon's reasons for supporting his request for a new hearing do not give rise to an exceptional circumstance, and the denial of the request for the new

hearing would not result in a fundamental miscarriage of justice, we deny the request.

This court reviews the district court's decision to revoke a defendant's supervised release for abuse of discretion. *United States v. Copley*, 978 F.2d 829, 831 (4th Cir. 1992). The district court need only find a violation of a condition of supervised release by a preponderance of the evidence. *Id.*; 18 U.S.C.A. § 3583(e)(3) (West Supp. 2000). We find that the district court's findings that Carmon violated the terms of his supervised release are supported fully by the record.

While Carmon's version of the altercation was corroborated by the testimony of his companion at the time, it was directly contradicted by the testimony of the victim of the assault and battery and the independent witness. The district court apparently weighed the contradictory testimony and decided to credit the victim's version, explicitly finding that Carmon was not truthful. It is not the province of this court to second-guess the credibility determinations of the factfinder. *United States v. Saunders*, 886 F.2d 56, 60 (4th Cir. 1989).

Accordingly, we find that the district court's determination that Carmon violated the terms of his supervised release is supported sufficiently by a preponderance of the evidence, and we therefore affirm that determination. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

*AFFIRMED*